```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABDUL IDEEN, CW6127,         )
                             )
     Plaintiff,              )
                             )
                             )
        v.                   )   Civil Action No. 05-1188
                             )   Chief Judge Ambrose
                             )   Magistrate Judge Caiazza
JEFFERY BEARD,               )   In Re: Doc. 7
et al.,                      )
                             )
     Defendants.             )
```

## AMENDED ORDER

Before the Court for resolution is the Plaintiff's motion for the appointment of counsel filed at document number seven, (Doc. 7).

The United States Court of Appeals for the Third Circuit has set out the standards to be considered by district courts when responding to a request for counsel pursuant to the provisions of 28 U.S.C. Section 1915(d).  In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the court acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant.  Id. at 157 n.7.  In its' opinion, the Court also recognized that when "[a]n indigent Plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel." Id. at 156.  The opinion likewise addressed the practical constraints confronted by the district courts regarding the

appointment of counsel, which include the ever-growing number of prisoner civil rights actions filed each year in the federal courts, the lack of funding to pay appointed counsel and the limited supply of competent lawyers who are willing to undertake such representation without compensation. Id. at 157.

The Court then proceeded to announce a series of factors which the trial court should consider and apply in ruling upon a motion for the appointment of counsel.

In this action the Plaintiff alleges that he as been physically and mentally abused by prisoner personell. A review of the history of this case reveals that:

> (1) the particular legal issues are not difficult;
>
> (2) the degree of need for a factual investigation is minimal and can be adequately pursued by the plaintiff;
>
> (3) there appears to be no particular problem confronting the Plaintiff in pursuit of his claim;
>
> (4) the claim of the plaintiff will not require extensive or complicated discovery;
>
> (5) the case will not be essentially decided by credibility issues; and,
>
> (6) the case may require testimony from expert witnesses.

The court has weighed the Tabron factors and although it recognizes that the case may require expert testimony, the Plaintiff's request for appointment of counsel is denied,

without prejudice to the Plaintiff to file a similar motion if it later becomes necessary for him to obtain the services of an expert.

    IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

September 16, 2005        <u>s/Francis X. Caiazza</u>
                                      Francis X. Caiazza
                                      U.S. Magistrate Judge

cc:
Abdule Ideen, CW-6127
SCI Greene
169 Progress Drive
Waynesburg, PA 15370